# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KIMBERLY A. BARNES,**
for herself and on behalf of
others similarly situated,

      Plaintiffs,

v.                                                        **CIVIL ACTION NO. 3:07-CV-97**
                                                                     **(BAILEY)**

**RES-CARE, INC., a foreign corporation**
doing business in the State of West Virginia,
**RSCR West Virginia, Inc., a foreign corporation**
doing business in West Virginia and **JEFFREY**
**HANCOCK, KEVIN FULLER, and**
**GINGER SMITH, individually,**

      Defendants.

## AMENDED ORDER FROM EMERGENCY HEARING
## ON COMMUNICATION WITH NAMED AND PUTATIVE CLASS MEMBERS

On August 20, 2007, came plaintiff Kimberly A. Barnes, for herself and others ("plaintiffs"), by and through counsel Melinda C. Dugas, Ashley R. Shreve and the law firm of McNeer, Highland, McMunn & Varner, L.C., and came defendants Res-Care, Inc., a foreign corporation doing business in the State of West Virginia, RSCR West Virginia, Inc., a foreign corporation doing business in West Virginia and Jeffery Hancock, Kevin Fuller, and Ginger Smith, individually, by and through counsel Eric W. Iskra and the law firm of Spilman Thomas & Battle, PLLC, upon plaintiffs' motion for an order to cease and desist [Doc. 8] pursuant to Rule 23 of the Federal Rules of Civil Procedure. Through their motion, plaintiffs requested this Court to prohibit the defendants from contacting putative class members and from sending "Exit Interview" forms to former employees.

Having fully considered the plaintiffs' motion, responsive memoranda, and all written and oral objections and arguments of counsel, this Court is of the opinion that;

1. Res-Care sends out "Exit Interview" forms in the ordinary course of its business;

2. Although Res-Care sends out the "Exit Interview" forms in the ordinary course of its business, such forms can be misleading and if completed by the plaintiff and/or putative class members could potentially prejudice their rights in this instant civil action;

Accordingly, this Court hereby;

**ORDERS** that Res-Care may continue to send "Exit Interview" forms to former employee putative class members, but such forms shall be distributed without delay;

**ORDERS** that said forms will be given little to no weight for the purposes of this civil action;

**ORDERS** that only attorneys may have contact with the putative class members with regard to this matter;

**ORDERS** that any written defense communication other than the "Exit Interview" forms that (1) mentions the pending litigation; or (2) contains any language that may be construed as a waiver of the putative class members rights must be submitted to the Court for approval before it can be sent to the putative class members;

**ORDERS** that supervising personnel of Res-Care are prohibited from discussing this case with former or current employees who are putative class members; and

**ORDERS** that class discovery shall be completed by December 31, 2007, with the exception that because the parties have agreed to proceed with class and claims-related

discovery concurrently, the Court is willing to entertain status conferences with respect to the progress of such discovery and possibly the need for additional time.

As a final matter, the Court is of the opinion that the plaintiffs' motion for protective order to cease and desist [Doc. 8] should be, and is, hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** September 11, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE