**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**KIMBERLY A. BARNES,
for herself and on behalf of
others similarly situated,**

Plaintiff,

v.

**CIVIL ACTION NO. 3:07-CV-97
(BAILEY)**

**RES-CARE, INC., a foreign corporation,
RSCR WEST VIRGINIA, INC., a foreign
corporation, and JEFFREY HANCOCK,
KEVIN FULLER and GINGER SMITH,
individually,**

Defendants.

**MEMORANDUM ORDER DENYING
DEFENDANTS' MOTION TO DISMISS COUNT VII
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pending before this Court is Defendants' Motion to Dismiss Count VII of Plaintiff's

First Amended Complaint (Doc. 28).  The parties now having fully briefed the issues, the

motion is ripe for decision.

**I.  Statement of Facts and Procedural History**

This action is a putative class action seeking damages for race discrimination,

disability discrimination, failure to accommodate a disability, sex discrimination, retaliation

in violation of the West Virginia Human Rights Act, constructive discharge, and violations

of the West Virginia Wage Payment and Collection Act.  The Complaint was originally filed

in the Circuit Court of Berkeley County, West Virginia, on July 2, 2007.  The defendants

removed the action to this Court on August 1, 2007, under the Class Action Fairness Act

of 2005 (Doc. 1). On August 7, 2007, the plaintiff filed an amended complaint (Doc. 5). On October 15, 2007, defendants filed the motion to dismiss Count VII of the amended complaint (Doc. 28) that is the subject of this decision.

In their Motion, the defendants contend that the claims under the Wage Payment and Collection Act ("WPCA") are barred due to the plaintiff's failure to file a grievance under the applicable collective bargaining act and must be treated under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). This Court does not agree and, for the reasons hereinafter stated, will deny the Motion.

The nominal plaintiff, Kimberly A. Barnes, was hired by Res-Care on July 7, 2003, and was employed through April 24, 2007. Apparently, Res-Care entered into an agreement with the Service Employees International Union covering the Martinsburg employees effective February 19, 2007. On April 24, 2007, the employee relationship between Res-Care and Barnes was terminated. The defendants contend that Ms. Barnes voluntarily resigned her employment, while Ms. Barnes contends that she was constructively discharged.

On May 4, 2007, Ms. Barnes was provided with her final paycheck, which, she contends, did not include payment for earned but unused vacation and sick leave benefits and incentive bonuses. Prior to the initiation of this action, defendants admitted that they owed Ms. Barnes for her earned but unused vacation pay, but demanded that in order for her to receive such pay, she relinquish her rights to seek the remainder of her unpaid wages.

## II. Discussion

"The full scope of the pre-emptive effect of federal labor-contract law remains to be

2

fleshed out on a case-by-case basis." ***Allis-Chalmers Corp. v. Lueck***, 471 U.S. 202, 220 (1985).

"In ***Lingle v. Norge Div. of Magic Chef, Inc.***, 486 U.S. 399 (1988), the Supreme Court reiterated its test to determine exactly when state laws are preempted by § 301. Consistent with its approach in earlier cases, the Court in ***Lingle*** emphasized that 'state law is pre-empted by § 301 ... only if such application requires the interpretation of a collective-bargaining agreement.' ***Id.***; *see also* ***IBEW, AFL-CIO v. Hechler***, 481 U.S. 851, 863 n. 5 (1987) (approving preemption where plaintiff conceded that '[t]he nature and scope of the duty of care owed Plaintiff is determined by reference to the collective bargaining agreement'); ***Allis-Chalmers***, 471 U.S. at 220 (approving preemption if application of state law 'substantially depend[s] upon analysis of the terms of an agreement made between the parties in a labor contract'). Thus, the question in preemption analysis is not whether the source of a cause of action is state law, but whether resolution of the cause of action requires interpretation of a collective bargaining agreement. This approach advances § 301's goal of 'ensur[ing] uniform interpretation of collective bargaining agreements, and thus ... promot[ing] the peaceable, consistent resolution of labor-management disputes.' ***Lingle***, [486 U.S. at 404] (discussing ***Teamsters v. Lucas Flour Co.***, 369 U.S. 95 (1962))." ***McCormick v. AT&T Technologies, Inc.***, 934 F.2d 531, 535 (4th Cir. 1991) (en banc).

"Section 301 does not, however, displace entirely state law in the labor relations context. '[A] State may provide [substantive rights] to workers when adjudication of those rights does not depend upon the interpretation of [collective bargaining] agreements.'

*Lingle,* [486 U.S. at 409]. The ***Lingle*** Court made clear that mere parallelism between the facts and issues to be addressed under a state law claim and those to be addressed under § 301 does not render the state-law analysis dependent on the collective bargaining agreement. Thus, 'even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.' ***Id.***" ***McCormick v. AT&T Technologies, Inc.***, 934 F.2d 531, 535 (4th Cir. 1991) (en banc).

In this case, no interpretation of the collective bargaining agreement is necessary. The defendants have admitted that the plaintiff is entitled to be paid for unused vacation pay. The contract is silent as to unused sick pay, leaving this Court and the parties to determine whether the employer has clearly informed its employees through a written policy that such benefits would not be payable upon separation. *See* ***Meadows v. Wal-Mart Stores, Inc.***, 207 W.Va. 203, 530 S.E.2d 676 (2000).

An additional basis exists for denying the motion. The contractual grievance procedure relied upon by the employer applies "should differences arise between the Company and the Union as to the interpretation of this Agreement." In this case, there was no difference between the Company and the Union. The dispute only arose after the employment relationship was terminated. At that time, Ms. Barnes was no longer an employee. Furthermore, by letter dated April 26, 2007, or some eight days before Ms. Barnes learned that the employer was refusing to pay her earned but unused sick leave,

the Union wrote Ms. Barnes and informed her that since she had resigned from employment, the Union would not represent her interests.

### III. Conclusion

For the reasons stated above, this Court **DENIES** Defendants' Motion to Dismiss Count VII of Plaintiff's First Amended Complaint (Doc. 28).

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 22, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE